## CONTINENTAL COMMERCIAL CORPORATION v. METROPOLITAN LIFE INS. CO. et al.

### No. 4353.

District Court, W. D. Pennsylvania.

Feb. 26, 1946.

Edmund K. Trent, Edward W. Marsh, and Reed, Smith, Shaw & McClay, all of Pittsburgh, Pa., for plaintiff.

D. C. Jennings, of Pittsburgh, Pa., for Metropolitan Life Ins. Co.

Edmund K. Trent and Reed, Smith, Shaw & McClay, all of Pittsburgh, Pa., for Pittsburgh Insurance Agency.

Jason Richardson, of Pittsburgh, Pa., and Vincent R. Smith and H. Reginald Belden, both of Greensburg, Pa., for Samuel S. Jones, William S. Jones, and George W. Jones.

McVICAR, District Judge.

This is an action under the Declaratory Judgment Act, 28 U.S.C.A. § 400, wherein the plaintiff, the Continental Commercial Corporation, seeks a judgment declaring, inter alia, that it is entitled to hold two policies on the life of Samuel S. Jones, issued by Metropolitan Life Ins. Co., numbered 5424284A and 5424285A, each in the amount of $5,000, as security for indebtedness of Samuel S. Jones, one of the defendants, to plaintiff; also, that Samuel S. Jones and the two beneficiaries in the policies, William S. Jones and George W. Jones, nor any of them, has any valid ground to object to the recognition of Metropolitan Life Insurance Company of the assignment of said two policies to the plaintiff.

This action is now before the Court on two motions, namely, the motion of Samuel S. Jones, William S. Jones and George W. Jones to dismiss the action on the ground that the petition does not state a claim against said defendants or against the Metropolitan Life Insurance Company upon which any relief can be granted. The other motion is that of plaintiff, wherein it moves for judgment on the pleadings, alleging that the answers of defendants do not state facts sufficient to constitute a defense.

On June 5, 1936, Samuel S. Jones, one of the above defendants, borrowed from the Reconstruction Finance Corporation $15,000, and gave his note to said corporation therefor, and as collateral security he gave a bond and mortgage in the sum of $15,000 and the two life insurance policies issued by the Metropolitan Life Insurance Company on the life of Samuel S. Jones.

On April 13, 1939, the plaintiff purchased the aforesaid note of Jones from the Reconstruction Finance Corporation, at which time the balance due on the note was $11,759.17, plus interest. The note was assigned, also the collateral, to the plaintiff.

In 1938, the plaintiff, or its predecessors in title, were engaged with Samuel S. Jones in certain automobile transactions, and as a result thereof, Jones became indebted to plaintiff in the amount of $12,156.70.

On November 1, 1939, plaintiff confessed judgment on the bond given by Jones as collateral in the sum of $30,000, to be released on the payment of $13,302.95. On this judgment a Fi. Fa. was issued, and at a sheriff sale, plaintiff purchased the property for the sum of $905. Plaintiff retained title to said real estate for a while, but afterwards sold the same. Plaintiff took no proceedings under the Pennsylvania

Deficiency Judgment Act of July 16, 1941, P.L. 400, 12 P.S.Pa. § 2621.1 et seq.

The question involved is whether plaintiff is entitled to hold the two Jones policies as security for the other indebtedness of Jones to plaintiff.

The note from Jones to the Reconstruction Finance Corporation, which was assigned to the plaintiff, contains inter alia, the following provisions:

"As security for this note, the undersigned has given the Payee certain collateral. The term 'collateral' as used in this note shall mean any funds, guaranties or other property or rights therein of any nature whatsoever or the proceeds thereof which may have been, are, or hereafter may be mortgaged, pledged, assigned, transferred or delivered directly or indirectly by or on behalf of the undersigned to the Payee as security for the payment of this note and of any and all other indebtedness of the undersigned to the Payee, principal, interest and/or expenses, whether contingent, now due or hereafter to become due, whether heretofore or contemporaneously herewith or hereafter contracted (all such indebtedness being hereinafter collectively referred to as 'the indebtedness'). * * *

"Upon the nonpayment of the principal of this note when due, the Payee is empowered to sell, assign and deliver the whole or any part of the collateral, at public or private sale, without demand, advertisement or notice of the time or place of sale or of any adjournment thereof, which are hereby expressly waived. After deducting all expenses of such sale or sales, the Payee may apply the residue of the proceeds thereof to the payment of the indebtedness, as it shall deem proper, returning the excess, if any, to the undersigned. * * * Without limiting or affecting such power of sale, the Payee is further empowered, upon the nonpayment of the note when due, to collect or cause to be collected or otherwise to be converted into money all or any part of the collateral * * *."

It is further provided in said note: "The purchaser, assignee, transferee, or pledgee of this note and of any collateral, guaranty or other document sold, assigned, transferred, pledged or repledged, shall forthwith become vested with and entitled to exercise all the powers and rights given by this note * * * as if said purchaser, assignee, transferee or pledgee were originally named as payee in this note. *, * *"

In Mulert v. National Bank of Tarentum, 3 Cir., 210 F. 857, the facts and the ruling of the Court, as stated in the syllabus, are as follows: "A promissory demand note, payable at the Bank of P. to the order of the maker, indorsed by him and delivered to such bank, recited the deposit of certain collateral security for payment of it, or any other liability of the maker to the holder thereof then due, or to become due or thereafter contracted, with full power to the holder to sell, sign, and deliver such security at public or private sale on the nonperformance of the promise to pay or the nonpayment of any of such liabilities, and to apply the residue, after deducting expenses, to pay all of such liabilities as the holder should deem proper, returning the overplus to the maker. Held, that the maker must have meant to give to the word 'holder' its well-understood, broad, inclusive, legal meaning, as the one in actual or constructive possession of the note and entitled to recover or receive payment, and not to restrict its meaning to the Bank of P.; and hence, where that bank sold the note and delivered the collateral to the transferee, such transferee could hold the collateral as security for notes held by it on which the maker was liable, though never owned by the Bank of P."

In Oleon v. S. Rosenbloom & Co., 247 Pa. 250, 93 A. 473, L.R.A.1915F, 968, Ann. Cas.1916B, 233, the Supreme Court of Pennsylvania stated the facts and its ruling as appears in the syllabus, as follows: "Where a promissory note recites that collateral has been deposited as security for the payment of this or any other liability or liabilities 'to the holder hereof now due or to become due or that may be hereafter contracted,' and authorizes the sale of the property pledged, on the nonpayment of any of the liabilities mentioned, and the application of the proceeds to the payment of 'either or all of said above mentioned liabilities as the holder hereof shall deem proper,' a holder for value and before maturity by endorsement from the payee may apply the collateral to the payment of other obligations owing by the maker to him, as well as to the payment of the note, and is not required upon tender of the amount of the note at maturity, to surrender the collateral as long as other obligations owing him by the maker remain unsatisfied."

In Re DeHaven's Estate, 236 Pa. 146, 84 A. 676, it was held that the assignee had

a right to retain the policies until the premiums advanced by him had been paid.

The note of Jones to the Reconstruction Finance Corporation, assigned to plaintiff, made the collateral pledged security for all other indebtedness of the maker to the payee and to the payee's assignee, the plaintiff.

I conclude that the aforesaid motion of Samuel S. Jones, et al. to dismiss must be refused; also, that the motion of plaintiff for judgment on the pleadings should be sustained as to plaintiff's right to hold the insurance policies as security for other indebtedness of Jones to the plaintiff.

Let an order or orders be prepared and submitted in accordance with the foregoing opinion.